### ADONIRAM J. MARBLE *vs.* EMMA S. MELLEN.

Bristol. Oct. 26. — Nov. 23, 1887. C. ALLEN & KNOWLTON, JJ., absent.

In an action upon a paper writing, signed by the defendant, a married woman, and reciting the receipt from the plaintiff of a certain sum to be paid to him in the stock of a certain corporation, or in cash, within a time named, the plaintiff testified that he and the defendant's husband made a settlement, at the latter's house, of demands which the plaintiff had against him; that the husband proposed to give to the plaintiff in settlement the stock named in the paper declared on, or a certain sum, in ten days; that the husband said that the stock was in the defendant's name; that she was in the house, but was not present in the room with them; that the husband wrote the agreement, and left the room to get his wife's signature to the paper; and that he soon returned with the paper signed by her. The defendant and her husband were present at the trial, but did not testify. *Held*, that the judge properly submitted to the jury the question whether the defendant knew of the consideration for her agreement.

CONTRACT, in two counts. The first count was for money had and received to the plaintiff's use. The second count was upon the agreement contained in the following paper, dated October 1, 1881, and signed by the defendant: "Received of A. J. Marble two thousand and sixty-two dollars and fifty cents, to be paid to said Marble in stock at its par value in the Lewiston and Auburn Horse Railroad Co., or in cash, within ten days." The answer admitted that the defendant signed the agreement set forth in the declaration, but denied that she received any money or other

valuable or good consideration therefor; alleged that the same was without consideration, and that she did not owe the plaintiff anything; and denied each and every allegation in the declaration, except that she signed said writing.

Trial in the Superior Court, before *Mason*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff testified that, on October 1, 1881, he went to the house of George F. Mellen, the husband of the defendant, at his request and by previous appointment with him, for the purpose of a settlement with him of various claims which the plaintiff had against him, including certain notes and $3000 in cash which he had lent him; that, after figuring up, it was agreed that the amount in suit was due from the defendant's husband to the plaintiff on certain of their transactions; that the defendant was in the house at this time, but was not present during any of the transactions between the plaintiff and her husband in the room; that the husband proposed to give the plaintiff stock in the Lewiston and Auburn Horse Railroad Company at par, or cash in ten days in settlement, and said that the stock was in his wife's name, and he should have to get her to sign the agreement; that the defendant's husband thereupon wrote the agreement, and went out of the room to get his wife's signature, and in a few minutes came back with the paper signed; that the plaintiff then gave up to him the notes included in the settlement, which bore the indorsement of the defendant's husband and of the firm of which he was a member, and amounted to $1200 or $1400, with said paper, in settlement of the same and of the money lent; and that no money or property was given to the defendant, and no demand was ever made upon her personally, but a demand was afterwards made on her husband.

The defendant and her husband were both in court during the trial, but neither was called as a witness, nor was the deposition of either taken.

The defendant asked the judge to rule, that, upon the whole evidence, the plaintiff could not recover, and to direct a verdict for the defendant, upon the ground that there was no evidence that the defendant had any knowledge of the consideration for her agreement. The judge refused to rule as requested, but submitted the question of the defendant's knowledge of the

consideration to the jury, with full instructions, to which no exception was taken.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. F. Jackson & D. F. Slade*, for the defendant.

*J. M. Morton & A. J. Jennings*, for the plaintiff.

DEVENS, J. The ruling of the presiding judge submitted to the jury the question whether the defendant knew of the consideration for her agreement. She has no ground of complaint, if there was evidence sufficient to go to the jury of such knowledge. Direct evidence was not necessary. It could be inferred from the conduct of the party.

The instrument recited an adequate money consideration, and was signed by the defendant. The plaintiff's testimony was that he made a settlement of certain demands with the defendant's husband at his house; that the husband was to transfer to him the stock described in the paper signed by the defendant; that the defendant was in the house, but not in the room; and that the husband went out of the room to get her to sign the paper, as the stock was in her name, and soon returned with it. It further appeared that the husband and the defendant were present at the trial, heard the plaintiff's testimony as to the transaction, did not contradict it, and did not testify that the defendant did not know of the consideration. Upon these facts, it could not have been ruled that there was no evidence to go to the jury, who might fairly have inferred that, even if the money consideration recited was not the actual one, the real consideration, namely, the settlement between her husband and the plaintiff, was known to the defendant.                    *Exceptions overruled.*